UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NORMA CASTRO,

    Plaintiff,

v.                                  CASE No. 8:08-CV-769-T-33TGW

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.
_____

## REPORT AND RECOMMENDATION

The plaintiff in this case seeks judicial review of the denial of her claims for Social Security disability benefits and supplemental security income payments.[1] Because the decision of the Commissioner of Social Security is supported by substantial evidence and does not contain any reversible error, I recommend that the decision be affirmed.

I.

The plaintiff, who was fifty years old at the time of the administrative hearing and who has at least a high school education, has worked as an assembler, cake decorator, cashier, and customer service

---

[1]This matter comes before the undersigned pursuant to the Standing Order of this court dated January 5, 1998. See also Local Rule 6.01(c)(21).

representative (Tr. 57, 69, 335).[2] She filed claims for Social Security disability benefits and supplemental security income payments, alleging that she became disabled due to spinal illnesses, high blood pressure, arthritis, depression, headaches, and leg and hand pain (Tr. 56). The claims were denied initially and upon reconsideration.

The plaintiff, at her request, then received a de novo hearing before an administrative law judge. The law judge concluded that, as of 2006, the plaintiff engaged in substantial gainful activity (Tr. 14). However, the law judge continued with the sequential evaluation process to consider the possibility of a closed period of disability (id.). The law judge stated that the plaintiff has severe impairments of "degenerative disc disease of the cervical and lumbar spine, arthritis of the knees, diabetes, reflux disease, obesity, hypertension, history of surgery for ovarian cyst and bladder lift, history of bowel obstructions, and history of kidney stone" (id.). She concluded that these impairments limited the plaintiff to sedentary work lifting ten pounds

---

[2]The record reflects a date of birth of September 3, 1955, but the plaintiff testified that the correct year of her birth is 1956 (Tr. 335).
At the time of the hearing, the plaintiff was employed in customer service at Badcock Furniture (Tr. 340).

occasionally and five pounds frequently with only occasional balancing, stooping, and climbing of stairs and ramps (Tr. 15). The law judge determined further that the plaintiff could walk or stand for two hours in an eight-hour workday and sit for six hours in an eight-hour workday, and is restricted from kneeling, crouching, crawling, or climbing of ladders, ropes, or scaffolds (id.). These limitations precluded the plaintiff from returning to prior work (Tr. 18). However, based on the testimony of a vocational expert, the law judge found that that the plaintiff would be able to perform work that exists in significant numbers in the national economy, such as scheduler, appointment clerk, and dispatcher (Tr. 19, 20). Accordingly, the law judge decided that the plaintiff was not disabled (Tr. 20). The Appeals Council let the decision of the law judge stand as the final decision of the Commissioner.

II.

A. In order to be entitled to Social Security disability benefits and supplemental security income, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which ... has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C.

423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment," under the terms of the Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 423(d)(3), 1382c(a)(3)(D).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). Under the substantial evidence test, "findings of fact made by administrative agencies . . . may be reversed . . . only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc), cert. denied, 544 U.S. 1035 (2005).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the

witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963).

Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met. Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

B. The Commissioner's regulations set out what is termed a "sequential" analysis for deciding disability claims. See 20 C.F.R. 404.1520, 416.920. The first step in that analysis is to determine whether the claimant is working. If not, the next of the threshold inquiries (step two) is whether a claimant has a severe impairment. 20 C.F.R. 404.1520(c), 416.920(c). An impairment is not severe if it does not significantly limit a claimant's physical

or mental abilities to do basic work activities. 20 C.F.R. 404.1521(a), 416.921(a). If an impairment is not severe, then a claimant is deemed to be not disabled. 20 C.F.R. 404.1520(c), 416.920(c).

When an impairment is severe, the next step (step three) is to determine whether the impairment is so severe that it meets, or equals, the criteria in Appendix 1. 20 C.F.R. 404.1520(d), 416.920(d). If so, the claimant is considered disabled regardless of her age, education, or work experience. Id. If an impairment does not meet, or equal, a listing in Appendix 1, a further inquiry (step four) is made as to whether the impairment prevents the claimant from doing past relevant work. 20 C.F.R. 404.1520(f), 416.920(f). If a claimant cannot do such work, an additional determination (step five) is made concerning whether the claimant can perform other work which exists in substantial numbers in the national economy. 20 C.F.R. 404.1520(g), 416.920(g).

III.

The law judge in this case determined, at the first step, that, as of 2006, the plaintiff was engaged in substantial gainful activity (Tr. 14). The regulations provide that, "[i]f you are working and the work you are doing is

substantial gainful activity, we will find that you are not disabled regardless of your medical condition or your age, education, and work experience." 20 C.F.R. 404.1520(b), 416.920(b). Under this provision, the law judge's finding that the plaintiff engaged in substantial gainful activity in 2006 defeats the plaintiff's claims as of that year.

Importantly, the plaintiff has not challenged the law judge's finding regarding substantial gainful activity. In fact, the plaintiff has not even mentioned that finding. Notably, the plaintiff argues principally that she meets, or equals, Appendix 1 criteria at step three. Of course, as of 2006, step three would not be reached because the claim would fail at step one.

Under these circumstances, the law judge considered whether the plaintiff was entitled to a closed period of disability (Tr. 14). See Pickett v. Bowen, 833 F.2d 288, 289 n.1 (11th Cir. 1987). Arguably, the plaintiff could make such a showing for 2004 since she had several medical problems that year. However, as the law judge pointed out, "[n]o treatment at all is documented from March 2005 until March 2006 and the claimant had no complaints as of March and April 2006" (Tr. 18). Furthermore, the evidence

does not compel a finding that the plaintiff's impairments rendered her disabled for a twelve-month period during 2004 into the beginning of 2005.

As indicated, the plaintiff's primary argument is that the law judge erred in failing to find that she met, or equaled, the requirements of Listing 1.04 in Appendix 1 of the Social Security Regulations, which pertains to disorders of the spine (Doc. 15, pp. 3-7). The plaintiff bears the burden of showing that she meets, or equals, a listing. See McSwain v. Bowen, 814 F.2d 617, 619 (11th Cir. 1987). Moreover, "when a claimant contends that [s]he has an impairment meeting the listed impairments entitling h[er] to an adjudication of disability under regulation 404.1520(d) [and 416.920(d)], [s]he must present specific medical findings that meet the various tests listed under the description of the applicable impairment or, if in the alternative [s]he contends that [s]he has an impairment which is equal to one of the listed impairments, the claimant must present medical evidence which describes how the impairment has such an equivalency." Bell v. Bowen, 796 F.2d 1350, 1353 (11th Cir. 1986); see also Wilson v. Barnhart, 284 F.3d 1219, 1224 (11th Cir. 2002).

As is pertinent here, Listing 1.04 provides (20 C.F.R. Part 404, Subpart P, App. 1):

> Disorders of the spine (e.g., herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture), resulting in compromise of a nerve root . . . or the spinal cord. With:
> A. Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine);
>
> . . .
>
> C. Lumbar spinal stenosis resulting in pseudoclaudication, established by findings on appropriate medically acceptable imaging, manifested by chronic nonradicular pain and weakness, and resulting in inability to ambulate effectively, as defined in 1.00B2b.

In his memorandum, the Commissioner explains how the plaintiff only met Listing 1.04A intermittently, if at all (Doc. 18, p. 8). The Commissioner contends that the medical evidence the plaintiff relies upon, spanning primarily from January 2004 to September 2004, is insufficient to show that her impairment has lasted, or is expected to last, for twelve months.

To establish that a listing is met, the medical criteria must be met for a period of twelve continuous months. See Social Security Ruling 86-8, 1986 WL 68636 at *3 (S.S.A.) ("Thus, when such an individual's impairment or combination of impairments meets or equals the level of severity described in the Listing, and also meets the duration requirement, disability will be found...."). See also 42 U.S.C. 423(d)(1)(A). In particular, the regulations require that, in order to meet the musculoskeletal listing, abnormalities must be established over time "[b]ecause abnormal physical findings may be intermittent." 20 C.F.R. Part 404, Subpart P, Appendix 1, 1.00D. The Commissioner points out further that the introduction to the musculoskeletal listings highlights the importance of the plaintiff satisfying this time requirement: "[m]usculoskeletal impairments frequently improve with time or respond to treatment. Therefore, a longitudinal clinical record is generally important for the assessment of severity and expected duration of an impairment" (Doc. 18, p. 9).

Significantly, the plaintiff does not attempt to show that she met the requirement that the impairment lasted for twelve months. 20 C.F.R. 404.1525(c)(4), 416.925(c)(4). Thus, the plaintiff does not cite to medical

evidence meeting the criteria of a listing and showing that the condition lasted for at least twelve months. Moreover, a conclusion that the plaintiff's musculoskeletal impairments reached Appendix 1 level of severity, and remained there for twelve months, is contradicted by the plaintiff's work activities and the lack of ongoing treatment for her spine. Furthermore, no doctor has opined that the plaintiff met a listing or that she would be disabled for at least twelve months. These circumstances demonstrate that the plaintiff has failed to meet her burden of presenting evidence which shows that she met, or equaled, Listing 1.04A for twelve consecutive months. There certainly is no basis for concluding that the evidence compels a finding that the requirements of Listing 1.04A have been satisfied.

With respect to Listing 1.04C, the plaintiff mentions that listing, but does not meaningfully argue that she met those requirements. The plaintiff's attempt to prove that she is unable to ambulate effectively, as the listing requires, is little more than a conclusory statement (Doc. 15, pp. 6-7). The Commissioner points out that the record contains numerous accounts of a non-extreme limitation of her ability to walk that does not interfere with her ability to independently initiate, sustain, or complete activities (Tr. 150, 283-

84). See 20 C.F.R. Part 404, Subpart P, App. 1, § 1.00B2b(1). Accordingly, the plaintiff has failed in her burden to show that she met Listing 1.04C. The evidence in this case certainly does not compel a finding to the contrary.

The plaintiff argues, second, that the law judge's analysis of Listing 1.04, specifically Parts A and C, was insufficient (Doc. 15, pp. 7-9). To the extent the plaintiff asserts that a more detailed explanation was required in evaluating whether her impairments met the listings, that contention is meritless. The Eleventh Circuit has held that, "[w]hile Appendix 1 must be considered in making a disability determination, it is not required that the Secretary mechanically recite the evidence leading to her determination." Hutchison v. Bowen, 787 F.2d 1461, 1463 (11th Cir. 1986).

The law judge indicated in her decision that she considered whether the plaintiff met, or equaled, the criteria of a listing in Appendix 1 (Tr. 15). Further, she stated that she considered, in particular, "sections 1.00ff, 5.00ff, 6.00ff, 9.00ff, and 11.00ff of the listings dealing with musculoskeletal, digestive system, genito-urinary system, endocrine system, and neurological disorders, respectively" (id). The law judge concluded that the plaintiff did not satisfy the criteria because "the findings in evidence do

not approach the level of severity set forth in these or any other listing," and that "[n]o treating or examining physician reported findings of listing level severity" (id.). These statements are more than adequate to show that the law judge considered the listings.

The plaintiff's third issue is that the law judge substituted her own opinion for those of the medical experts (Doc. 15, pp. 9-11). In the first place, the law judge did not substitute a medical opinion but instead performed her duty to assess the evidence in accordance with the regulations. 20 C.F.R. 404.1527, 416.927.

The main thrust of plaintiff's third argument seems to be that the law judge failed to give controlling weight to the treating physicians' findings regarding neurological deficits stemming from her spinal impairment (Doc. 15, pp. 9-11). To the extent the plaintiff contends that the law judge ignored her abnormalities of the spine, that contention is without merit. The law judge did not discount the findings of her treating doctors and expressly considered the medical evidence in three pages of single-spaced text (Tr. 16-18). She found that the plaintiff suffers from severe impairments of degenerative disc disease of the cervical and lumbar spine, as well as arthritis of the knees,

obesity, and other problems (Tr. 14). Significantly, the law judge found that the plaintiff's impairments are so severe that they limit her to a range of sedentary work (Tr. 15).

The plaintiff's challenge in this regard is primarily to the law judge's conclusion that her examinations generally showed no neurological deficits (Doc. 15, p. 11; Tr. 17-18). The plaintiff claims that, in doing so, the law judge ignored the opinion of treating physicians Dr. Rafael Rodriguez and Dr. Rakesh Kumar, and improperly credited without explanation, the opinion of examining physician Dr. Bhupendra Kumar Gupta, who opined that the plaintiff has no neurological deficits (Doc. 15, pp. 9-11). The law judge, however, did not ignore Dr. Rodriguez's and Dr. Kumar's findings; to the contrary, she summarized their findings and treatment in her decision (Tr. 15, 16, 17). She noted that "Dr. Rodriguez initially found the claimant to have give-away weakness in the right arm and leg, but follow-up examination was negative, revealing normal motor strength, intact sensory response, and normal gait" (Tr. 16). Furthermore, the findings by Drs. Rodriguez and Kumar were made in 2004, a number of months before Dr. Gupta conducted his examination in February 2005 and found no neurological deficits. The law

judge could reasonably give more weight to the examination that was later in time.

Moreover, the plaintiff has made no attempt to show that a finding of neurological deficits would make a difference in the assessment of her residual functional capacity. In this respect, what matters is not the disorder the plaintiff is diagnosed to have, but the functional limitations resulting from the disorder. Davis v. Barnhart, 2005 WL 2510227 at *3 (11th Cir. 2005)(unpub. dec.) ("Disability is determined by the effect an impairment has on the claimant's ability to work, rather than the diagnosis of an impairment itself."). Thus, the plaintiff does not argue that the very restrictive functional limitations found by the law judge would be greater if she had concluded that the plaintiff had neurological deficits.

The plaintiff's final contention is that the law judge failed to apply the Eleventh Circuit pain standard in evaluating the plaintiff's complaints of pain caused by her spinal impairments (Doc. 15, pp. 11-13). She contends in this respect that the law judge's decision was not explicitly articulated (id., p. 12). This contention also lacks merit.

The Eleventh Circuit has articulated a standard for assessing allegations of pain and other subjective complaints. As the court of appeals explained in Landry v. Heckler, 782 F.2d 1551, 1553 (11th Cir. 1986), the pain standard "required evidence of an underlying medical condition and (1) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (2) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain." If the law judge determines that there is objective medical evidence of an impairment which could reasonably be expected to produce disabling pain, the law judge "must evaluate the credibility of claimant's testimony as to pain, and must express a reasonable basis for rejecting such testimony." Hand v. Heckler, 761 F.2d 1545, 1549 n.6 (11th Cir. 1985).

The law judge recognized the need to articulate a credibility determination and referred to the Eleventh Circuit's decision in Landry, as well as to the pertinent regulations and Social Security rulings (Tr. 14, 16). This demonstrates that she applied the Eleventh Circuit pain standard. Wilson v. Barnhart, 284 F.3d 1219, 1225-26 (11th Cir. 2002).

Moreover, the law judge considered the plaintiff's complaints of debilitating pain and set forth reasons for discounting the plaintiff's subjective allegations (Tr. 18). Notably, the law judge did not totally reject the plaintiff's subjective complaints, but rather concluded that the plaintiff was restricted to a range of sedentary work (Tr. 19). In this regard, the law judge stated (Tr. 18):

> No treatment at all is documented from March 2005 until March 2006 and the claimant had no complaints as of March and April 2006. The claimant was not prescribed strong pain medication on a long-term or continuing basis and the record does not reflect that she complained to her physicians of significant adverse side effects of medication. The claimant was reportedly still able to do some shopping and laundry, prepare simple meals, watch television, go to church, and visit with friends and she continued to work at a significant level throughout 2004, 2005, and 2006.
>
> . . .
>
> For these reasons, to the extent the claimant has alleged such symptoms as would prevent her from performing a wide range of sedentary work, the undersigned finds such allegations not credible.

This is an adequate explanation for the law judge's credibility determination.

The plaintiff does not specifically refute any aspect of the law judge's credibility determination, but merely asserts the conclusory argument

that the "[t]he reason given . . . does [not] make sense in light of all the consistent evidence in the record which substantiates the Claimant's claims" (id. at p. 12). This argument is unpersuasive because it is not supported by any citations to the evidence. In all events, the evidence in this case certainly does not compel a finding that the credibility determination is erroneous.

IV.

For the foregoing reasons, the decision of the Commissioner is supported by substantial evidence and contains no reversible error. I, therefore, recommend that the decision be affirmed.

Respectfully submitted,

/s/ Thomas G. Wilson

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

DATED: JUNE 8, 2009

## NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. 636(b)(1).